IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 24-00067-01-CR-W-DGK |
| ) | |
| JACOB A. KANATZAR, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION TO DENY
DEFENDANT'S MOTION TO DISMISS**

Before the Court is Defendant's Motion to Dismiss Indictment and Request for Hearing. (Doc. 22) Through the motion, Defendant seeks dismissal of the Indictment on grounds that his actions were justified as self defense. For the following reasons, Defendant's request should be denied.

**I. PROCEDURAL BACKGROUND**

On April 2, 2024, an Indictment was returned charging Defendant with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). (Doc. 14) Defendant filed the instant motion to dismiss on May 14, 2024. (Doc. 22) The Government then responded on May 28, 2024. (Doc. 24) The matter is now fully ripe.[1]

**II. LEGAL ANALYSIS**

Defendant argues that the facts giving rise to the Indictment constitute self defense and that "he is entitled to a dismissal of the current charge[ ] as he has satisfied all of the elements of self-defense and thus was justified in possession of the weapon for the 'fleeting['] period of time

---
[1]Defense counsel advised by email dated May 28, 2024, that Defendant would not be filing a reply.

1

that he was in possession of said weapon." (Doc. 22, at p. 6) Defendant also seeks an evidentiary hearing on this matter and "request[s] the Government to produce all witnesses who are under the control of the Government" on grounds that witnesses "indicated they would not speak with the defense team." (Doc. 22, at p. 7)

Federal Rule of Criminal Procedure 12(b)(1) provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine *without a trial on the merits*." (emphasis added). *See also United States v. Knox*, 396 U.S. 77, 83 (1969); *United States v. Ferro*, 252 F.3d 964, 968 (8th Cir. 2001); *United States v. McKanry*, No. S1-4:08-CR-365 CAS, 2009 WL 3007142 at *4 (E.D. Mo. Sept. 21, 2009) ("Whether a defendant has a valid defense at trial to the allegations contained in an indictment is not an issue this court can determine in the context of a motion to dismiss the indictment."); *United States v. Battle*, No. 2:07-cr-307-MEF, 2008 WL 4571560 at *1 n.1 (M.D. Ala. Oct. 14, 2008) ("Because there is no summary judgment procedure in criminal cases . . . , the court will not consider [Defendant's argument that the Indictment should be dismissed based on self-defense].).

Here, the Court cannot make a determination whether Defendant's possession of a firearm was justified as self defense at this stage of the proceedings. To do so would amount to a trial on the merits and is thus prohibited under Rule 12 and binding decisional law. The sufficiency of the Government's evidence and/or the applicability of a defense is an issue instead reserved for trial. It is, accordingly, recommended that Defendant's motion to dismiss be denied on this ground.

In line with such recommendation, the Court denies Defendant's request for a hearing. To the extent, however, that Defendant is otherwise seeking production of witnesses and/or witness statements, such request is separately denied as premature. (*See* Doc. 21)

## III.  CONCLUSION

For the above-stated reasons, it is

RECOMMENDED that the Court, after making an independent review of the record and the applicable law, enter an order denying Defendant's motion to dismiss.

Counsel are advised that, pursuant to 28 U.S.C. § 636(b)(1), each has fourteen days from the date of this report and recommendation to file and serve specific objections to the same, unless an extension of time for good cause is obtained.  Failure to file and serve timely specific objections may result in waiver of the right to appeal factual findings made in the report and recommendation which are accepted or adopted by the district judge except upon the ground of plain error or manifest injustice.

/s/ *Jill A. Morris*
JILL A. MORRIS
UNITED STATES MAGISTRATE JUDGE